IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICKEY PADILLA, #11398-075, | § | |
| | § | |
| V. | § | A-11-CA-204 SS |
| | § | |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

Before the Court is Petitioner's Writ of Error Audita Querela, filed March 11, 2011 (Clerk's Doc. No. 1) and Application to Proceed Without Prepayment of Fees and Affidavit, filed March 11, 2011 (Clerk's Doc. No. 2). After considering the pleadings, the record, and the relevant law, the Magistrate Court issues the following Report and Recommendation.

### I. Application to Proceed *In Forma Pauperis*

After considering Plaintiff Rickey Padilla's financial affidavit, the Court finds that he is indigent. Accordingly, the Court HEREBY GRANTS Padilla *in forma pauperis* status.

### II. Frivolousness Review

**A. Standard of Review**

When a court determines that a plaintiff is indigent and permits a complaint to be filed without payment of costs, it is required by statute to review the complaint and "shall dismiss the case

at any time if the court determines that . . . the action or appeal is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). The Court will therefore review Padilla's complaint under this standard.

Padilla filed his complaint pro se. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, pro se pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997); *see Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a pro se pleading to encompass any allegation which may raise a claim for federal relief.) Nevertheless, pro se litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

### III. BACKGROUND

As the Court noted in an order dated September 27, 2005, the litigation history of Petitioner Rickey Padilla is long and tortured. Padilla was originally indicted in A-94-CR-150(2)-SS and pled guilty to using a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). He was sentenced to sixty months incarceration on January 6, 1995. However, on December 9, 1996, Padilla filed a motion pursuant to 28 U.S.C. § 2255 attacking his conviction and sentence. As a result, he renegotiated his plea agreement and pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Padilla was sentenced on September 22, 1997 to forty-eight months

incarceration. Additionally, Padilla was indicted in A-96-CR-002-SS for escape from a federal prison in violation of 18 U.S.C. § 751(a). He pled guilty pursuant to a plea agreement and on June 13, 1996 was sentenced to an additional fifteen months incarceration.

Padilla was thereafter indicted in A-01-CR-077-SS. Pursuant to a plea agreement, he pled guilty to a single count superseding information charging him with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Padilla was sentenced on August 2, 2001 to two hundred ten months incarceration. At the same time, he was sentenced to twenty-four months incarceration for revocation of his term of supervised release in A-94-CR-150(2)-SS and an additional twenty-four months for revocation of his term of supervised release in A-96-CR-002-SS. All of Padilla's convictions and sentences were ultimately affirmed on appeal. *United States v. Padilla*, 51 F. App'x 482 (5th Cir. 2002).

On February 4, 2005 Padilla filed a motion pursuant to 28 U.S.C. § 2255 attacking his conviction and sentence in A-01-CR-077-SS. Following an evidentiary hearing, the Court ultimately denied the motion by order dated March 18, 2005. Padilla did not timely appeal. Instead he filed a Motion to Reopen the Time to File an Appeal on September 9, 2005. The motion was denied on September 27, 2005.

Padilla subsequently filed a motion to reopen judgment, a motion for new trial, and a motion for retroactive application of sentencing guidelines. Each motion was denied. Petitioner has now filed a pleading entitled Writ of Error Audita Querela.

### IV. ISSUES

In his writ, Padilla attacks "the infirmities created" by his conviction on the basis that there is a newly recognized defense. Specifically, he contends the Supreme Court decided in *United States*

*v. Booker*, 543 U.S. 220 (2005), that the Sentencing Guidelines are unconstitutional. Padilla concludes the application of those guidelines to determine his sentence renders his sentence invalid.

**V. DISCUSSION**

As a threshold matter, the Court must determine whether Petitioner can seek relief by way of a writ of error audita querela.[1] The Fifth Circuit has recently addressed the continuing use of the writ, describing the writ as:

> a common law writ dating from the reign of Edward III that constitutes the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on the ground that some defense or discharge has arisen since its rendition that could not be taken advantage of otherwise.

*United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010). In other words, "a writ of audita querela is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition." *Id*. The Fifth Circuit further noted the writ was expressly abolished as to civil judgments, but courts have "acknowledged, with some reservation, that the writ of audita querela might also survive in criminal adjudications, if there is a gap for it to fill " *Id*. at 488. However, "if the writ survives, it can only be available where there is a legal objection to a judgment which has arisen subsequent to that judgment." *Id*.

Moreover, "the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy." *Id*. Thus, a petitioner may not seek a writ of audita querela if he "may seek redress under § 2255." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir.

---

[1] In his pleadings, Padilla recognizes courts have a duty to construe pro se filings liberally. *See Kerner*, 404 U.S. at 520–21 (pro se pleadings properly afforded liberal construction). However, Padilla has clearly labeled his petition as seeking relief by way of a writ of error audita querela, and further entitled it "This is not a Motion Pursuant to Title 28 U.S.C. § 2255." Accordingly, the undersigned has limited consideration of Petitioner's request to the stated legal basis.

1993). Nor is audita querela available to circumvent the procedural and legal requirements of § 2255, including the limit on second or successive motions. *See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs"); *Padilla v. United States*, 2011 WL 766562, at *2 (N.D. Tex. Jan 12, 2011).

As set forth above, the sole issue raised by Padilla is that the Supreme Court's decision in *Booker* holding the Sentencing Guidelines advisory acted to invalidate his sentence. The Fifth Circuit, however, has made clear that *Booker* does not apply retroactively to cases on collateral review. *See United States v. Edwards*, 442 F.3d 258, 268 (5th Cir. 2006) (argument asserting right to assert claim based on retroactive application of *Booker* foreclosed by circuit precedent); *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005) (*Booker* does not apply retroactively to initial § 2255 motion); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (*Booker* not retroactively applicable to cases on collateral review). Similarly, *Booker* does not present a sufficient basis on which to file a successive § 2255 motion. *See In re Elwood*, 408 F.3d 211, 212–13 (5th Cir. 2005) (decision in *Booker* not new rule of constitutional law made retroactive to cases on collateral review so as to satisfy standard for filing second or successive § 2255 motion). *See also United States v. Broussard*, 202 F. App'x 786, 787 (5th Cir. 2006) (request to file successive § 2255 motion based on *Booker* foreclosed by *Elwood*).

The Fifth Circuit has also made clear that the inability to meet the requirements for bringing a successive § 2255 motion does not render the remedy under § 2255 unavailable. *See Slaughter v. United States*, 379 F. App'x 387, 388 (5th Cir. 2010) (affirming dismissal of writ of audita querela

5

because remedy for *Booker* claim was under § 2255 and the petitioner had not obtained leave to file a successive § 2255 motion); *United States v. Ford*, 372 F. App'x 545, 545–46 (5th Cir. 2010) (same); *United States v. Heli-Mejia*, 354 F. App'x 909, 910 (5th Cir. 2009) (same). Having failed to show that the § 2255 remedy is unavailable, Padilla has not established that he is entitled to relief pursuant to a writ of audita querela. *See United States v. Johnson*, 350 F. App'x 872, 873 (5th Cir. 2009) (rejecting writ of audita querela based on decision in *Booker*, noting "that a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable"); *United States v. Cornett*, 350 F. App'x 849, 850 (5th Cir. 2009) (affirming district court's dismissal of writ of audita querela based on decision in *Booker*). Accordingly, the petition for writ of error audita querela should be dismissed.

## VI. RECOMMENDATION

The Magistrate Court **RECOMMENDS** the District Court **DISMISS** Petitioner's Writ of Error Audita Querela. (Clerk's Dkt. #1).

## VII. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of May, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE